EDMUND KIMBALL, Administrator, *vs.* ALPHEUS CURRIER.

In an action by an administrator to recover property claimed by him, on the ground that
a transfer made by the deceased in his last sickness was fraudulent, and that he was
insane when he executed it, the plaintiff cannot give in evidence the declarations of
his wife, made to a creditor, who called to see him in his last sickness, that his mind was
affected by his disease.

ACTION OF TORT by an administrator with the will annexed,
for the conversion of furniture of the plaintiff's testator, in his
lifetime.

At the trial in the court of common pleas, before *Briggs*, J.,
there was evidence tending to show that the testator, in his last
illness, executed a bill of sale of the furniture to the defendant,
to which the attending physician was the only attesting witness.
The plaintiff contended and offered evidence to show that the
transaction was fraudulent, that the testator was not of sound

mind when he executed the bill of sale, and that it was not delivered in his lifetime.

The physician testified that, in his opinion, the testator was of sane mind when he signed the bill of sale. The plaintiff called a witness, who testified that he went to the town of the testator's residence a few days before his death, to see him about a debt due from him to the witness; and, meeting the physician, was told by him that the testator was a very sick man, and had not been in his right mind all the time for a number of days; that he then went to the testator's house and was admitted to the house, but not to see him; and that the testator's wife objected to his seeing him. And the witness was allowed to testify, notwithstanding the defendant's objection, that the reason the testator's wife gave for not allowing the witness to see him was, that " he was very low, his mind was affected by his disease, and any one going into the room affected him very much."

The jury returned a verdict for the plaintiff, upon the ground as they stated, in answer to an inquiry of the presiding judge, that the testator was incompetent to transact business at the time of executing the bill of sale. The defendant excepted to the admission of the evidence of the wife's statement.

*S. H. Phillips*, for the defendant.

*O. P. Lord*, for the plaintiff.

SHAW, C. J. The declarations of the wife, as to the condition of the mind of her husband, were clearly inadmissible and incompetent evidence. They tended to qualify no act done. They were the statements of one who, for aught that appears, might have been called as a witness to testify on oath. The proof of the fact that the witness went to the testator's house seems immaterial; but if material, the answer of the wife was merely hearsay.                    *Exceptions sustained.*